IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BEATRICE ROMERO,

    Plaintiff,

v.                                                                                                                                       1:25-cv-00069-KK-JMR

MASON JOHNSON; HOLMAN FLEET
LEASING, LLC, *doing business as Ari Fleet LT*;
PROBST ELECTRIC, INC.,

    Defendants.

### ORDER DENYING MOTION FOR SUBSTITUTED SERVICE ON DEFENDANT MASON JOHNSON

THIS MATTER comes before the Court on plaintiff's Motion for Substituted Service on Defendant Mason Johnson. Doc. 15. Defendant Holman Fleet Leasing, LLC and Probst Electric, Inc. did not respond. Having reviewed the motion and the relevant law, the motion is hereby DENIED without prejudice. The Court *sua sponte* extends the deadline to serve defendant Johnson to **June 6, 2025**.

**I.**    **Plaintiff's Efforts to Serve Defendant Johnson**

This case arises out of a motor vehicle accident that occurred on October 2, 2024. Doc. 15 at 1. Defendant Mason Johnson allegedly crashed into plaintiff's vehicle while driving a Ford pickup truck in the course and scope of his employment with either defendant Holman Leasing, LLC or Probst Electric, Inc. Doc. 12 at 9.

Plaintiff has attempted to serve Mr. Johnson three times. Doc. 15 at 3–4. "Plaintiff first attempted to serve Defendant Johnson at the address listed for him on the crash report, 200 NE 5th Avenue, Okeechobee, Florida 34972." *Id.* at 3. The Okeechobee process server spoke to a resident at that address. Doc. 15-4. The resident stated that, "Mason Johnson does not live

there." *Id.* The process server added that the resident was "not friendly and had pictures of two vehicle tags parked on her property." *Id.*

Next, plaintiff's counsel ran a Westlaw People Search. Plaintiff attempted to serve Mr. Johnson at the two most recent, valid addresses from the search results: 1220 Meredith Drive, Unit 1901, Columbia, South Carolina 29212 and 559 Canton Road NW, Apartment 1, Carrollton, Ohio 44615. Doc. 15 at 3–4. Mr. Johnson was not found at either address. Notably, the Westlaw People Search Results last placed Mr. Johnson at the South Carolina address in 2017 and the Ohio address in 2016. Doc. 15-5 at 4. The search results indicate that the Okeechobee address is Mr. Johnson's most recent, and potentially current, address. *Id.*

## II.     Law

New Mexico law allows a court to authorize service by publication "as a last resort." *T.H. McElvain Oil & Gas Ltd. P'ship v. Grp. I: Benson-Montin-Greer Drilling Corp.*, 2017-NMSC-004, ¶ 28, 388 P.3d 240, 249 (citation omitted); *see also* FED. R. CIV. P. 4(e)(1) (An individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located."). The court may do so only upon "showing by affidavit that service cannot reasonably be made as provided by [Rule 1-004]." NMRA Rule 1-004(J).

Rule 1-004 provides three sequential methods for serving an individual—

(1) Personal service of process shall be made upon an individual by delivering a copy of a summons and complaint or other process:

> (a) to the individual personally; or if the individual refuses to accept service, by leaving the process at the location where the individual has been found; and if the individual refuses to receive such copies or permit them to be left, such action shall constitute valid service; or

> (b) by mail or commercial courier service as provided in Subparagraph (3) of Paragraph E of this rule.

2

> (2) If, after the plaintiff attempts service of process by either of the methods of service provided by Subparagraph (1) of this paragraph, the defendant has not signed for or accepted service, service may be made by delivering a copy of the process to some person residing at the usual place of abode of the defendant who is over the age of fifteen (15) years and mailing by first class mail to the defendant at the defendant's last known mailing address a copy of the process; or
>
> (3) If service is not accomplished in accordance with Subparagraphs (1) and (2), then service of process may be made by delivering a copy of the process at the actual place of business or employment of the defendant to the person apparently in charge thereof and by mailing a copy of the summons and complaint by first class mail to the defendant at the defendant's last known mailing address and at the defendant's actual place of business or employment.

NMRA 1-004(F)(1)-(3). Further, service must be "reasonably calculated under all of the circumstances to apprise the defendant of the existence and pendency of the action and afford a reasonable opportunity to appear and defend." NMRA Rule 1-004(J).

Similarly, the due process requires service to be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Mullane v. Central Hanover Bank & Trust Co.*, 399 U.S. 306, 314 (1950). "Due process prohibits the use of constructive service where it is feasible to give actual notice." *Classen v. Classen*, 1995-NMCA-022, ¶ 11, 119 N.M. 582, 585, 893 P.2d 478, 481.

III.    Analysis

Plaintiff has not shown that "service cannot reasonably be made as provided by [Rule 1-004]." *See* NMRA Rule 1-004(J).

Plaintiff has not attempted to follow the sequential steps for individual service of process required by NMRA Rule 1-004(F). For example, plaintiff did not try "leaving the process at the location where the individual has been found." NMRA Rule 1-004(F)(1)(a). Plaintiff has not attempted to deliver "a copy of the process to some person residing at the usual place of abode of the defendant . . . and mailing by first class mail to the defendant at the defendant's last known

mailing address a copy of the process." NMRA Rule 1-004(F)(2). Nor has plaintiff delivered "a copy of the process at the actual place of business or employment of the defendant to the person apparently in charge thereof," and sent the appropriate mailings. NMRA Rule 1-004(F)(3). Service by publication is "a last resort." *T.H. McElvain Oil*, 2017-NMSC-004, ¶ 28. Plaintiff cannot show that "service cannot reasonably be made as provided by [Rule 1-004]," until she has at least attempted to comply with the rule. *See* NMRA Rule 1-004(J).

Notably, plaintiff has only made one service attempt that was "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." *See Mullane*, 399 U.S. at 314. Plaintiff's briefing and supporting exhibits make clear that Mr. Johnson's last known address is 200 NE 5th Avenue, Okeechobee, Florida 34972. Doc. 15-3 (Crash Report listing this address); Doc. 15-5 (Westlaw People Search listing this address as Mr. Johnson's most recent address). However, plaintiff attempted to serve Mr. Johnson at several older addresses in different states, which she found using Westlaw's People Search function. But those same search results suggest that Mr. Johnson has not lived at any of those addresses for more than eight years. *See* Doc. 15-5. There is no reason, at least in the record, to believe that Mr. Johnson moved back to these older addresses. Plaintiff seemingly agrees that Mr. Johnson likely does not live in those other states because she only seeks to serve him by publication in Albuquerque, New Mexico and Okeechobee, Florida. *See* Doc. 15 at 4–5. As such, plaintiff's Okeechobee service attempt was the only attempt reasonably calculated to apprise Mr. Johnson of this lawsuit.[1]

---

[1] Moreover, plaintiff states that the Okeechobee process server was told that the resident "did not know who Defendant Johnson was." Doc. 15 at 3. But that is not what the record reflects. The process server simply wrote: "The resident said that Mason Johnson does not live there. She was not friendly and had pictures of two vehicle tags parked on her property . . . ." Doc. 15-4. The

The Court hereby DENIES without prejudice plaintiff's Motion for Substituted Service on Defendant Mason Johnson (Doc. 15). However, the Court finds that plaintiff has shown "good cause for the failure" to serve Mr. Johnson, considering the difficulties trying to find him. *See* FED. R. CIV. P. 4(m). As such, the Court extends the deadline for plaintiff to serve Mr. Johnson to **June 6, 2025**. Failure to serve Mr. Johnson in this timeframe may result in dismissal of the case against him. *See id.*

_____
JENNIFER M. ROZZONI
United States Magistrate Judge

---

process server did not state whether the resident knew of Mr. Johnson. Further, the process server's note leaves room for doubt as to whether Mr. Johnson does, in fact, live at that address.